```
                    UNITED STATES DISTRICT COURT

                          DISTRICT OF HAWAII
```

| | |
|---|---|
| KALEB A. HOOSIER,<br><br>           Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAII, HAWAII STATE LIBRARY,<br><br>           Defendants. | CIV. NO. 24-00405 LEK-WRP |

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT FOR A
CIVIL CASE; GRANTING PLAINTIFF LEAVE TO FILE AN
AMENDED COMPLAINT; DENYING PLAINTIFF'S "EX PARTE MOTION
TO SUBPOENA AUDIO AND VIDEO SECURITY RECORDING";
AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO
<u>PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On September 19, 2024, pro se Plaintiff Kaleb A. Hoosier ("Plaintiff") filed the Complaint for a Civil Case ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 4.] On September 24, 2024, Plaintiff filed an "Ex Parte Motion to Subpoena Audio and Video Security Recording" ("Motion"). [Dkt. no. 6.] For the reasons set forth below, the Complaint is dismissed without prejudice. In other words, Plaintiff will be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order, and this Court will rule on the Application if any portion of the amended

complaint survives the screening process. In light of the foregoing, the Motion is denied without prejudice as premature.

### BACKGROUND

Plaintiff alleges he was removed from the Hawaii State Library in Honolulu, Hawai`i four discrete times between September 14, 2024 to September 15, 2024. [Complaint at ¶¶ 5, 10.] Plaintiff alleges on September 14, 2024, "state officers" threatened to break Plaintiff's prescription glasses, even though Plaintiff was not engaged in disruptive behavior. [Id. at ¶¶ 5, 7, 9.]

Plaintiff brings claims against Defendant State of Hawai`i ("the State") and the Hawaii State Library ("the State Library" and collectively "Defendants"). While it is unclear if Plaintiff intends to bring claims against the State Library, the Court liberally construes the Complaint as alleging claims against both defendants. Plaintiff brings the following claims: a claim for violating Plaintiff's First Amendment rights under the United States Constitution by unlawfully restricting Plaintiff's freedom to be present on public land ("Count I"); a claim for violating Plaintiff's Fourth Amendment rights under the United States Constitution by removing Plaintiff without cause and by threatening to break Plaintiff's glasses, both constituting an unlawful seizure ("Count II"); a claim for violating Plaintiff's Eighth Amendment rights under the United

States Constitution by removing Plaintiff from public land without justification ("Count III"); a claim for violating Plaintiff's Fourteenth Amendment rights of due process and equal protection under the United States Constitution by removing Plaintiff from public land without notice, justification or the opportunity to contest removal ("Count IV"); and a claim for the emotional distress Plaintiff suffered pursuant to the Hawaii State Tort Liability Act, Hawai`i Revised Statutes Section 662 ("Count V"). [Id. at PageID.5-7.] Plaintiff seeks $1,500,000 in compensatory damages, punitive damages, declaratory relief, and injunctive relief, including prohibiting Defendants from engaging in future unconstitutional practices and protecting Plaintiff's right to access public land, and any other appropriate relief. [Id. at PageID.8-9.]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be

3

> granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).

> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v.

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

4

>   Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C.
>   Cir. 1990) (holding that district court may
>   dismiss cases *sua sponte* pursuant to
>   Rule 12(b)(6) without notice where plaintiff
>   could not prevail on complaint as alleged). . . .
>   "Federal courts are courts of limited
>   jurisdiction," possessing "only that power
>   authorized by Constitution and statute." United
>   States v. Marks, 530 F.3d 799, 810 (9th Cir.
>   2008) (quoting Kokkonen v. Guardian Life Ins.
>   Co., 511 U.S. 375, 377 (1994)). The assumption is
>   that the district court lacks jurisdiction. See
>   Kokkonen, 511 U.S. at 377. Accordingly, a "party
>   invoking the federal court's jurisdiction has the
>   burden of proving the actual existence of subject
>   matter jurisdiction." Thompson v. McCombe, 99
>   F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted).

## DISCUSSION

### I. Screening of the Complaint

#### A. Count V

To the extent that Plaintiff attempts to bring a claim pursuant to the State Tort Liability Act, the State Tort Liability Act is not a cause of action, but rather waives sovereign immunity for suits in state court, not federal court. See Haw. Rev. Stat. § 662-2; Eng v. Dep't of Pub. Safety, CIV. NO. 18-00282 LEK-KJM, 2020 WL 981048, at *7 (D. Hawai`i Feb. 28, 2020) (citing cases). State courts, not the federal courts, have jurisdiction over certain torts of State employees pursuant to the State Tort Liability Act. Accordingly, Count V, Plaintiff's

5

claim brought pursuant to the State Tort Liability Act, is dismissed. The dismissal of Count V is with prejudice because it is clear Plaintiff cannot cure the defects in this claim through amendment. See Lucas, 66 F.3d at 248.

### B. Eleventh Amendment Immunity

As to Plaintiff's remaining constitutional claims, the Court liberally construes Counts I, II, III and IV as being brought under Title 42 United States Code Section 1983. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). "[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) (citation omitted).

The Court lacks jurisdiction over the State and its agencies as these entities possess sovereign immunity pursuant to the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." Id. (citation omitted); see also Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991) (stating that the Eleventh Amendment "bar[s] federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant . . . unless the state has affirmatively consented to suit"

6

(citations omitted)). Congress has not overridden state sovereign immunity for actions brought pursuant to Section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Hawai`i has not waived its immunity regarding the type of constitutional claims asserted in the Complaint. See Abing v. Evers, CIVIL NO. 21-00095 JAO-WRP, 2021 WL 3871299, at *6 (D. Hawai`i Aug. 30, 2021) (discussing sovereign immunity and the State Tort Liability Act); see also Thompson v. Paleka, CIV. NO. 17-00531 SOM-KJM, 2017 WL 5309608, at *4 (D. Hawai`i Nov. 13, 2017) (noting Hawai`i has not unequivocally waived its sovereign immunity for civil rights actions brought pursuant to Section 1983). Accordingly, Plaintiff's claims against the State and the State Library are barred by the Eleventh Amendment.

However, the Eleventh Amendment does not bar suits for prospective relief to enjoin ongoing violations of federal law against state officials acting in their official capacities. See Koala v. Khosla, 931 F.3d 887, 894-95 (9th Cir. 2019). The Eleventh Amendment also does not bar suits for damages against state officials acting in their personal capacities. See Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016).

Plaintiff's claims against Defendants are dismissed pursuant to Defendants' Eleventh Amendment immunity. The dismissal is without leave to amend in the instant case because it is clear that Plaintiff cannot avoid the Eleventh Amendment

issue by amendment. However, the dismissal is without prejudice to Plaintiff's pursuit of the claims against the State and the State Library in state court, if he chooses to do so. Further, Plaintiff may amend his pleading in the instant case to name a defendant or defendants subject to suit in federal court. If Plaintiff chooses to amend his Complaint, he should take into consideration the pertinent law discussed below.

### C. Counts I, II, III and IV

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (quotation marks and citation omitted). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Lacey v. Maricopa Cnty., 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quotation omitted). Therefore, to survive screening, Plaintiff must allege facts permitting the plausible inference that Plaintiff suffered a deprivation of a constitutional right, within the meaning of Section 1983, and

8

that the violation was committed by someone acting under color of state law. See Hafer v. Melo, 502 U.S. 21, 31 (1991) ("state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983").

Plaintiff does not identify a specific person that deprived him of a constitutional right. Plaintiff alleges that state officers removed Plaintiff from the State Library and threatened to break his glasses, however, Plaintiff does not specify the identities of these officers nor name them as doe defendants. See Complaint at ¶ 7. Plaintiff cannot state a claim against an officer by stating generic allegations against "state officers" or "state officials." See Hyer v. City & Cnty. of Honolulu, CIV. NO. 19-00586 HG-RT, 2020 WL 7038953, at *4 (D. Hawai`i Nov. 30, 2020).

D. **Ruling and Leave to Amend**

As previously noted, the Court dismisses Count V with prejudice. The Court dismisses Plaintiff's claims in Counts I, II, III and IV against the State and the State Library without leave to amend, but grants Plaintiff leave to amend in order to state claims against proper defendants. See Lucas, 66 F.3d at 248.

If Plaintiff should so choose, Plaintiff may attempt to remedy the deficiencies in the Complaint by filing an amended complaint. Plaintiff may not expand his claims beyond those

9

already alleged herein, or add new claims, unless the new claims relate to the claims alleged in the original Complaint.

Plaintiff's amended complaint must: (1) state the name of each defendant who violated the constitutional right Plaintiff alleges was violated; and (2) state how each defendant injured him. Failure to affirmatively allege that each defendant's conduct is connected to a specific injury Plaintiff suffered will result in such allegations being dismissed for failure to state a claim.

Plaintiff's amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint. He cannot incorporate any part of the original Complaint into the amended complaint by merely referring to the original Complaint. Plaintiff is cautioned that, if he fails to file an amended complaint by the deadline in this Order, or if the amended complaint fails to cure the defects identified in this Order, his claims will be dismissed with prejudice. Plaintiff would then have no remaining claims in this case, and the Clerk's Office would be directed to close the case.

Because the Court dismisses the case pursuant to jurisdictional grounds, the Court does not address other potential deficiencies that may exist in the Complaint. If

Plaintiff files an amended Complaint, a further screening will be conducted.

## II. Motion

Insofar as the Complaint has been dismissed with leave to amend, the Motion is denied without prejudice as premature. Plaintiff may file a similar motion once his operative complaint contains viable claims and survives the screening process.

## III. Application

Because the Complaint has been dismissed with leave to amend, the Court declines to rule on the Application at this time. This Court will reserve ruling on the Application until Plaintiff files an amended complaint. If any portion of Plaintiff's amended complaint survives the screening process, this Court will then rule upon the Application and address whether Plaintiff is entitled to proceed without prepaying fees and costs.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint for a Civil Case, filed September 19, 2024, is HEREBY DISMISSED. Plaintiff's claims against the State and the State Library are DISMISSED WITHOUT LEAVE TO AMEND. The dismissal is WITHOUT PREJUDICE to the filing of an amended complaint against the proper defendant or defendants. Plaintiff is GRANTED leave to file an amended complaint by **December 27, 2024.** The amended

11

complaint must comply with the terms of this Order. Plaintiff is CAUTIONED that, if he fails to file an amended complaint by **December 27, 2024,** the Complaint will be dismissed with prejudice on **December 30, 2024.**

Plaintiff's "Ex Parte Motion to Subpoena Audio and Video Security Recording," filed September 24, 2024 is DENIED WITHOUT PREJUDICE as premature. The Court RESERVES RULING on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 19, 2024. If Plaintiff chooses to file an amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed. Until Plaintiff files an amended complaint, he should not file any other documents in this action.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 28, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**KALEB A. HOOSIER VS. STATE OF HAWAII, HAWAII STATE LIBRARY; CV 24-00405 LEK-WRP; ORDER:  DISMISSING PLAINTIFF'S COMPLAINT FOR A CIVIL CASE; GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT; DENYING PLAINTIFF'S "EX PARTE MOTION TO SUBPOENA AUDIO AND VIDEO SECURITY RECORDING"; AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES AND COSTS**