UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| KALEB A. HOOSIER, | CIV. NO. 24-00405 LEK-WRP |
|---|---|
| Plaintiff, | |
| vs. | |
| STATE OF HAWAII, HAWAII STATE LIBRARY, | |
| Defendants. | |

**ORDER DISMISSING CASE WITH PREJUDICE**

On September 19, 2024, pro se Plaintiff Kaleb A. Hoosier ("Plaintiff") filed the Complaint for a Civil Case ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] On October 28, 2024, the Court issued an order dismissing Plaintiffs' Complaint, and reserving ruling on the Application, among other things ("10/28 Order"). [Dkt. no. 8.[1]] The 10/28 Order dismissed Counts I through IV against the existing defendants without leave to amend pursuant to the Eleventh Amendment, dismissed Count V with prejudice, and granted Plaintiff leave to amend Counts I through IV against the proper defendant or defendants in this district court. [Id. at 9-10.]

---

[1] The order is also available at 2024 WL 4591220.

The deadline for Plaintiff to file an amended complaint was December 27, 2024. [Id. at 11-12.]

As of the date of this Order, Plaintiff has neither filed an amended complaint nor requested an extension of the filing deadline. Because Plaintiff has not identified any circumstance which constitutes good cause warranting an extension of the December 27, 2024 deadline, this Court has the discretion to dismiss the case. See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)),[2] *superseded by statute on other grounds as recognized in* Russel v. United States, Case No.: 21cv1029-LL-MDD, 2023 WL 2919319, at *3 (S.D. Cal. Apr. 12, 2023). After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[3] this Court finds that the public interest in

---

[2] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[3] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
> (. . . continued)

2

the expeditious resolution of this litigation and this Court's interest in managing its docket strongly outweigh the policy favoring disposition of Plaintiff's claims on the merits. Moreover, the defendants will not be prejudiced by the dismissal because Plaintiff did not serve the Complaint, and there are no less drastic alternatives available at this time.

Plaintiff's Complaint is DISMISSED WITH PREJUDICE in the instant case. This dismissal is without prejudice to Plaintiff pursuing his claims in state court as stated in the 10/28 Order. The Court DIRECTS the Clerk's Office to enter final judgment and close the case on **Monday, January 20, 2025.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 3, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**KALEB A. HOOSIER VS. STATE OF HAWAII, ET AL; CV 24-00405 LEK-WRP; ORDER DISMISSING CASE WITH PREJUDICE**

---

> manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citation and internal quotation marks omitted).